# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-01-00464-CV
===============

**Hector Tijerina, Appellant**

**v.**

**Felipe Alanis, Commissioner of Education; and Harlandale Independent School District, Appellees**

_____

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. 98-01338, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**
_____

The Commissioner[1] of Education dismissed Hector Tijerina's appeal of Harlandale Independent School District's decision to end his employment. The Commissioner dismissed the appeal because Tijerina did not exhaust his administrative remedies and filed his challenge untimely. The district court affirmed the dismissal. We will reverse the judgment and remand the cause to the Commissioner for further proceedings.

---

[1] The commissioner who signed the dismissal was Mike Moses. His successor, Jim Nelson, was the commissioner when this appeal was filed. By rule, we now substitute as appellee his successor, Felipe Alanis, who was sworn in March 25, 2002. *See* Tex. R. App. P. 7.2(a).

**BACKGROUND**

The dismissal of Tijerina's complaint has created a scant record. The administrative record consists of pleadings. There is a reporter's record of the hearing in the district court. The parties agree on much of the factual background, but their interpretations of those facts differ.

Tijerina taught for eight years in Harlandale ISD. He undisputedly was employed as a teacher under a continuing contract at the end of that period in 1995-96. The district then offered, and Tijerina accepted, a promotion to an administrative position in its personnel department. He was offered a contract entitled "One Year Probationary Contract for Certified Classroom Teacher/ Certified Administrator Position/Nurse/Counselor/Librarian." No such signed contract appears in the record. Tijerina did not file a grievance in 1996 or appeal the district's decision to offer him a probationary contract. He served in the position during the 1996-97 school year. In the spring of 1997, the district notified him that it was terminating his employment.

Tijerina filed his petition for review with the Commissioner on May 12, 1997. He complained that he was never asked to return to probationary status in exchange for the promotion, and asserted that Harlandale ISD could not make that request without documenting the request in writing. He complained that he was not given a reason for his dismissal at the end of the 1997 school year or a hearing before the school board regarding his termination; he contended he should have received a hearing pursuant to either a continuing or a term contract. *See* Tex. Educ. Code Ann. §§ 21.159 & 21.207 (West 1996).

The Commissioner concluded that Tijerina's appeal was not timely filed. He determined that Tijerina's complaint was about "the offering of a probationary contract, not the

2

action to nonrenew or terminate the probationary contract." Thus, the Commissioner deduced, Tijerina's complaint was directed at actions occurring in the spring of 1996 when he assumed the administrative position, not the spring of 1997 when he was terminated from that position. His petition, filed May 12, 1997, was too late to complain about actions from 1996. *See* 19 Tex. Admin. Code § 157.1051 (2001) (requiring petition be filed within forty-five days of challenged action). The Commissioner also held that Tijerina failed to exhaust his administrative remedies because he failed to appeal his return to probationary status in the spring of 1996. Accordingly, the Commissioner dismissed the appeal as untimely and for failure to exhaust administrative remedies.

At the district court, Tijerina complained that the Commissioner should have exercised jurisdiction over his causes of action. He insisted that Harlandale ISD had no authority to return him to probationary status without giving him notice that the school district intended to discharge him from his continuing contract and obtaining his written consent for the return to probationary status. *See* Tex. Educ. Code Ann. § 21.106. He contended that he was not aggrieved until he was treated like a probationary employee—i.e., when he was fired without a hearing. The district court affirmed the dismissal.

**DISCUSSION**

On appeal, Tijerina contends that the Commissioner and the district court erred in dismissing his appeal based upon an inaccurate reading of his pleadings, and thereby denied jurisdiction unlawfully and without substantial evidence. In conducting a substantial-evidence review, we determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action. *See Texas Educ. Agency v. Goodrich Indep.*

3

*Sch. Dist.*, 898 S.W.2d 954, 957 (Tex. App.—Austin 1995, writ denied). We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision. *See id.*; *State v. Public Util. Comm'n*, 883 S.W.2d 190, 203 (Tex. 1994). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Public Util. Comm'n*, 883 S.W.2d at 204. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*

### *Timeliness of Appeal*

Tijerina was employed as a teacher under a continuing contract for the school year 1995-95. The Education Code governs how a teacher's continuing contract may be terminated:

Each teacher employed under a continuing contract is entitled to continue in the teacher's position or a position with the school district for future school years without the necessity for annual nomination or reappointment until the person:

(1) resigns;

(2) retires under the Teacher Retirement System of Texas;

(3) is released from employment by the school district at the end of a school year because of necessary reduction of personnel as provided by Section 21.157;

(4) is discharged for good cause as defined by Section 21.156 and in accordance with the procedures provided by this chapter;

(5) is discharged for a reason stated in the teacher's contract that existed on or before September 1, 1995, and in accordance with the procedures prescribed by this chapter; or

(6) *is returned to probationary status, as authorized by Section 21.106.*

4

Tex. Educ. Code Ann. § 21.154 (emphasis added).

Appellees concede that Tijerina was employed under a continuing contract through the spring of 1996. There is no evidence that Tijerina retired or resigned or was released or discharged; thus, under the statute, he remained under his continuing contract unless he was *properly* returned to probationary status. *See id.* § 21.154. Section 21.106 provides that a school district and its teacher must take affirmative steps before a teacher employed under a continuing contract may be returned to probationary status:

    (a)  In lieu of discharging a teacher employed under a continuing contract, terminating a teacher employed under a term contract, or not renewing a teacher's term contract, a school district may, *with the written consent of the teacher*, return the teacher to probationary contract status.

    (b)  A teacher may agree to be returned to probationary contract status only after *receiving written notice of the proposed discharge, termination, or nonrenewal*.

*Id.* § 21.106 (emphasis added).

There is no evidence in the record that Harlandale ISD fulfilled the requirements to return Tijerina to probationary status. Tijerina undisputedly received a contract that demonstrated Harlandale ISD's desire to return him to probationary status, but there is no evidence that, as required by statute, that he was given written notice of an intent to terminate his continuing contract status or that after the notice he consented *in writing* to return to probationary status. *See id.* § 21.106(a). Appellees argue that Tijerina's admission that the contract offered him for his administrative position was entitled "probationary contract," coupled with his acceptance and performance of the personnel job, show that he accepted probationary status. At the trial court, when asked if Tijerina was given

a probationary contract, his counsel responded, "I will just tell you that it was a mistake, okay? It was an error, but it happened." Nowhere is there evidence or an admission that Tijerina received notice of discharge from his continuing contract or consented in writing to return to probationary status. His acceptance and performance of the personnel job are distinct from his acceptance of probationary status and are no substitute for the statutory requirements enacted to protect continuing teachers. Tijerina did not need to accept probationary status in order to assume new duties; section 21.154 provides that, under a continuing contract, a person is "entitled to continue in the teacher's position *or a position with the school district* for future school years without the necessity for annual nomination or reappointment *until* [the person] . . . is returned to probationary status," which, under section 21.106, happens only "with the written consent of the teacher." *See id.* §§ 21.106 & 21.154. Absent evidence that Tijerina was given notice that his continuing contract would be terminated and that he consented in writing to return to probationary status, the presumption is that even in his new personnel position he remained on a continuing contract through the spring of 1997.

The Commissioner's conclusion that Tijerina's petition was a belated challenge to a 1996 change in his contractual status from continuing to probationary is based on the premise that Tijerina's contractual status actually changed in the spring of 1996. That premise is not supported by substantial evidence. Because there is no proof in the record that Tijerina received notice of termination or consented in writing to return to probationary status, his challenge must be treated as a challenge to his dismissal without the procedural safeguards accorded teachers under continuing contracts. His failure to challenge Harlandale ISD's attempt to change his status to a probationary contract in 1996 is accordingly irrelevant on the record provided.

6

Harlandale ISD asserts that the fact that Tijerina invoked the Commissioner's appellate jurisdiction under Education Code section 7.057 demonstrates that he was contesting the award of rather than the nonrenewal of a probationary contract. Section 7.057 permits appeal to the Commissioner by people aggrieved by school board actions that violate the school laws of the State, but it expressly does not apply to appeals of decisions to terminate a teacher's continuing contract. *See id.* §§ 7.057(a)(2)(A), 7.057(e). A separate statutory scheme authorizes appeals to the Commissioner by teachers who have had their continuing contract terminated at any time or their probationary or term contract terminated before the end of the term. *See id.* §§ 21.251(a) & 21.301. This separate scheme, however, never applies to decisions to terminate employment at the end of a probationary contract,[2] nor does it apply to decisions not to renew a term contract unless the school board has decided to use the same hearing process as for terminating continuing contracts. *See id.* § 21.251(b). On the record presented, we cannot draw any conclusion from Tijerina's choice of enabling statutes to invoke jurisdiction. Section 21.301 governs termination of continuing contracts, but it is triggered by the announcement of a decision under the hearings process appropriate to terminating continuing contracts. *See id.* §§ 21.251, 21.259 & 21.301. We find no indication in the record that Harlandale ISD held a hearing regarding termination of Tijerina's continuing contract. Regardless, invocation of jurisdiction under the statute generally authorizing appeals to the Commissioner for violations of school law by a school board does not control the nature of Tijerina's claim.

---

[2] In fact, a school board's decision not to renew a probationary contract is final and not appealable. *See* Tex. Educ. Code § 21.103 (West Supp. 2002).

*Exhaustion of Remedies*

The district court also affirmed the Commissioner's conclusion that Tijerina failed to exhaust his administrative remedies. The Commissioner's conclusion is based on the premise that the event appealed from is the 1996 reversion to probationary status; he concluded that the failure to appeal that probationary contract to the school district board in 1996 constituted a failure to exhaust his remedies. Because we conclude that the record does not support the conclusion that Tijerina accepted in writing, as required, a return to probationary status in 1996, we also conclude that the record does not support the conclusion that Tijerina failed to exhaust his administrative remedies.

We note that the Commissioner's attorney remarked in the district court that Tijerina failed to file a grievance with the school board in 1997 as well. As this assertion does not appear in the administrative record and did not form the basis of the Commissioner's decision, it does not affect our decision.

## CONCLUSION

Further proceedings may reveal evidence that Tijerina consented in writing to a return to probationary status, or that Tijerina failed to exhaust his administrative remedies in 1996 or 1997. Dismissal of this action may then be appropriate. Our reversal of the judgment is based on the current state of the pleadings and the record before us.

We conclude that the district court erred by affirming the Commissioner's dismissal of this petition for review. We remand the cause to the Commissioner for further proceedings.

_

                         Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justice B. A. Smith and Yeakel

Reversed and Remanded

Filed:   April 18, 2002

Publish